the plaintiff "would go on the floor of the Exchange the next day, and have him arrested and put in prison, and, of course, to save him the disgrace, I signed it. It was to save him the disgrace." The son also testified to having made the same statement to his mother, and further testified that the plaintiff made the threat to him. That, however, the plaintiff denied, and the finding of the judge was sustained by the evidence, assuming that he believed the plaintiff rather than the defendant's son. The only evidence to sustain the allegation that the bond and mortgage were procured by duress is the testimony of the defendant and her son. The testimony of the son was discredited by other testimony, and by the position which, from his own statement, he voluntarily assumed, in endeavoring to swindle his mother and also the man who had so much befriended him.

The defendant, the mortgagor, was largely interested in the result of the trial. Her story bears upon its face evidence that the fear produced by the statement of her son has been exaggerated, and of the benefit that she hoped to obtain from discounting the notes which were given at the same time, and which it is quite evident were discounted by the plaintiff as a part of the same transaction, and as consideration for the delivery of the mortgage. The trial court has found that, "when the mortgage was signed, the defendant made and gave to her son notes to the amount of $1,500, which Dodd was to cash or discount, she expecting to receive part of the proceeds. I do not think a conclusion of legal duress can be drawn from this evidence. It seems more consistent that the defendant exercised her volition, actuated in more or less degree by her expectation of a portion of the money to be had from Dood on her notes." We cannot say that the testimony of the defendant and her son is so conclusive as to justify us in reversing this judgment on the ground that this finding of fact is against the weight of evidence.

The judgment must therefore be affirmed, with costs. All concur.

---

## COGHLAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. DEATH BY WRONGFUL ACT—MEASURE OF DAMAGES.
     In an action for the death of an infant child, brought by her father as administrator, error in charging that there could be no recovery for any loss of earnings which the child might have made before she was 21 years old, but that such earnings were the subject of recovery in a separate action by the father, is not cured by a further charge that the jury were not bound in estimating the compensation to be made for the death of the child to confine their consideration to her minority, but that in certain contingencies she might, after her majority, owe her father the duty of support, and that in estimating the pecuniary value of this child to her next of kin, the jury could take into consideration all the probable, or even possible, benefits which might result to them from her life.

2. STREET RAILROADS—NEGLIGENCE—INJURY TO CHILD ON TRACK.
     In an action for the death of a child two years old, which was killed by defendant's street car, it appeared that when the child was first seen on the track she was about eight feet in front of the car, which was going up a steep grade; that the child was dressed in bright colors, and could have been seen long enough to have stopped the car before it struck her,

had the gripman been looking ahead; and that the car ran 60 or 70 feet after striking the child before it stopped. *Held*, that the question of defendant's negligence was properly submitted to the jury.

**3. SAME—NEGLIGENCE OF PARENT.**
> In such case the father of the child was not, as matter of law, chargeable with contributory negligence where it appeared that he had taken the child out for a walk, and, after walking up and down on the sidewalk for about 10 minutes, holding the child by the hand, was met by an acquaintance, with whom he stopped to talk, and, while talking, let go the child's hand, whereupon it wandered off, and got on the track.

Appeal from trial term, New York county.

Action by John Coghlan, as administrator of Margaret Coghlan, deceased, against the Third Avenue Railroad Company, to recover damages for the death of decedent, who was plaintiff's infant child. From an order granting plaintiff's motion for a new trial after a verdict in favor of plaintiff for six cents (39 N. Y. Supp. 113), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. N. Cohen, for appellant.

G. S. Daniels, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff as administrator to recover damages for the death of his infant daughter, alleged to have been caused by the defendant's negligence. The action was tried, and a verdict in favor of the plaintiff for six cents damages was rendered by the jury. Thereupon a motion was made upon the minutes for a new trial, which motion was granted, upon the ground of an error in the charge to the jury.

It is conceded upon the part of the appellant that that portion of the charge upon which the order for a new trial was founded was erroneous, but it is claimed that the subsequent portions of the charge cured the error which had been committed. At the request of the defendant the court charged the jury that there could be no recovery whatever in the action for any loss of earnings which the child might have made while she was an infant and until she had reached the age of 21 years, and that they were the subject of a recovery in a separate action on the part of the father of the child. Subsequently, at the request of the plaintiff, the court charged that the jury were not bound, in estimating the compensation to be made for the death of the child, to confine their consideration to her minority; that in certain contingencies she might, after her majority, owe her father the duty of support, which could by legal proceedings be enforced, and after that event she might in many ways be of great pecuniary benefit to him; and that, in estimating the pecuniary value of this child to her next of kin, the jury could take into consideration all the probable, or even possible, benefits which might result to them from her life. It is claimed upon the part of the appellant that this latter charge cured the error contained in the request of the defense which was charged as above stated. An examination of these two requests does not by any means show that they are inconsistent the one with the other. The

court charged, explicitly, that there could be no recovery whatever for any loss of earnings while the child was an infant and until it reached the age of 21 years, and then, at the request of the plaintiff, charged that the jury were not confined to the period of minority, but that they might find pecuniary damages accruing after majority. These two requests were entirely consistent with each other, and the jury might very well have understood that they could not give damages for loss of earnings during minority, but that they were restricted to pecuniary damages accruing after majority.

It is claimed upon the part of the appellant that this order was wrong, because the complaint should have been dismissed upon the motion of the defendant. The evidence shows: That the plaintiff was a policeman, and lived at No. 1435 Amsterdam avenue, on the southeast corner of 131st street in the city of New York. That on the 2d of May, 1895, at about a quarter past 11 in the forenoon, he took two of his children from his apartments to the street for a walk,—the younger, the deceased child, being about two years and two months old, and the elder about four years old. The plaintiff walked up and down on the sidewalk about five or ten minutes, and was returning to go upstairs to his apartments, when, as he came to the corner, holding the deceased by the hand, he met an acquaintance named Malloy, and stopped to talk with him a minute or two. He let go of his children's hands, and they were playing about his feet, when the deceased wandered away, and the father, hearing a shout, turned around quickly, and saw the deceased in front of the defendant's car, which was going up the hill on Amsterdam avenue. The child appears to have been south of the south crossing of the street and avenue, and, when first seen, was about 8 feet in front of the car. She was struck by the car, which proceeded 60 or 70 feet before it was stopped. It is alleged upon the part of the defendant that the brakeman applied the brake as soon as possible, and sprained his arm in his efforts to stop the car. There was a steep grade, and the car was going uphill, and yet this brakeman was unable to stop it before it went 60 or 70 feet. This, of itself, was evidence tending to show that there was no well-directed effort made by the brakeman to stop the car. It further appears that the child was dressed in bright colors, and there is evidence that she was seen in front of the car long enough to have stopped it before it struck her, but that the brakeman was looking in another direction, apparently not paying the slightest attention to any obstructions which might be upon his track.

It is claimed that the father was guilty of negligence contributing to the accident because of his letting go her hand and allowing her to play in the street as she did. We do not think, as matter of law, in view of the various decisions upon this question, that the point is well taken. The father had released the hand of the child only for a short period of time while talking to his friend, and the next thing he knew she was in front of the car, and about being run over. It cannot be held, as matter of law, that a person who is in the street with a child of immature years is bound, every instant of the time, to have his hands actually upon the child, restraining its movements.

This would be exacting a degree of diligence which, as matter of law, this court cannot impose. It certainly was a question for the jury to determine as to whether, under such circumstances, the parent was guilty of contributory negligence in the care and custody of his child.

The order should be affirmed, with costs. All concur.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.